IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| ABRAHAM CAMPOS, #721237 | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-05-199 |
| | § | |
| DOUG DRETKE, DIRECTOR | § | |
| OF TDCJ-CID | § | |

## **REPORT AND RECOMMENDATION**

Before the Court is the "Petition for a Writ of Habeas Corpus by a Person in State Custody" filed by Abraham Campos, a prisoner in the Texas Department of Criminal Justice - Correctional Institutions Divisions ("TDCJ-CID"). On April 18, 1995, Petitioner was found guilty in the 23rd District Court of Brazoria County, Texas on a charge of murder. He was sentenced to forty years imprisonment. The Fourteenth Court of Appeals affirmed his conviction on March 27, 1997. He did not file a Petition for Discretionary Review ("PDR").

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires prisoners whose convictions became final after April 24, 1996, to file their habeas writs in federal court within one year of the date on which the judgment becomes final or the time to appeal such judgment expires. 28 U.S.C. § 2244(d)(1)(A). In an earlier habeas proceeding, this Court determined that the AEDPA's limitations period began in this case, at the latest, on June 19, 1997. The limitations period therefore expired one year later on June 19, 1998. Petitioner did not file his first state habeas petition until January 21, 1999, and his initial federal petition followed on December 28, 1999. The District Court dismissed it as time-barred.

On December 9, 2004, Petitioner filed a second habeas petition in state court pursuant to Article 11.07 of the Texas Code of Criminal Procedure. That writ contained the same grounds for relief asserted in the instant federal petition. The Court of Criminal Appeals dismissed it as a successive petition on January 26, 2005. *See Ex parte Campos*, No. 39,973-04. Like the first writ filed in this Court, the instant writ is time-barred by the AEDPA's one-year limitations period. In addition, a federal court may not consider the merits of a habeas petition if the state court has denied relief due to a procedural default. *Sawyer v. Whitley*, 505 U.S. 333, 338 (1992). Article 11.07 § 4 of the Texas Code of Criminal Procedure bars the filing of successive habeas petitions, and the state court's dismissal of a writ on that ground bars federal consideration of the habeas claims presented to the state court. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995). Petitioner's writ is therefore barred from consideration by this Court.

Having conducted a preliminary review of the instant Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court **RECOMMENDS** the Petition for a Writ of Habeas Corpus of Abraham Campos (Instrument No. 1) be **SUMMARILY DISMISSED**.

The Clerk **SHALL** send copies of this Report and Recommendation to the Petitioner. Petitioner shall have until **June 24, 2005** in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. The Objections **SHALL** be mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553. **Any Objections filed SHALL be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file written objections

within the prescribed time shall bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this \_\_\_\_\_9th\_\_\_\_\_ day of June, 2005.

_____
John R. Froeschner
United States Magistrate Judge